Opinion of the court delivered by
Judge Catron.
This cause involves the same principle that did the cause of Gamble vs. Hutchins and White, (Peck’s Rep. 130. The opinion of Judge Haywood, was at a subsequent term of the court affirmed by Judge Peck, when only three judges were on the bench, and the demurrer sustained. That case settled the law, that covenant must be brought where the debt is to be discharged in bank notes, so that the real value of the paper money may be ascertained by the finding of the jury.
The plaintiff’s demurrer therefore, to the plea of the defendants, (relying upon the fact, that no demand was made,) reaches the first fault in pleading, and operates as a general demurrer to the declaration. The plaintiff declared in debt, that the defendants, by their writing ob *449 ligatory, promised to pay him $779 94, (ito be discharged in Tennessee currency.” This phrase- is perfectly well understood not to mean current money of the United States, or gold and silver, and is equally well known to have meant, that the debt was to be discharged in the bank paper of the banks of this state, currently in circulation when the note became payable, at the nominal valueof such notes. Supposing the bill single sued upon, had promised to pay the plaintiff $779 in notes of hand, then due, on solvent men and living in .M’Minn county, could debt have been sustained upon such a note? The note declared on, is equally plain upon its face with the one supposed, and the defendants are equally entitled to have the damages ascertaining the value of the paper currency, assessed by a jury. The court below having sustained the demurrer to the plea, gave judgment for the debt and damages, to the amount declared for, against the defendants.
This court thinks that the circuit court ought to have given judgment for the defendants, to go hence without day from this suit, &c. because the plaintiff mistook his form of action, as appears from the declaration. This court regrets the necessity of turning the plaintiff round to his action of covenant; but there being no other legal mode of administering justice between these parties, we have no alternative but to give judgment for the defendants in this action.
Judgment reversed